1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY HARDWICK,
                                         NO. CIV. S-06-672 LKK DAD P
12             Petitioner,

13        v.                                     O R D E R

14   KEN CLARKE, et al.,

15             Respondents.
                                      /
16

17       Petitioner, a state prisoner proceeding pro se, has filed this

18   application for a writ of habeas corpus pursuant to 28 U.S.C. §

19   2254.  The petition challenges the Board of Parole Hearings'

20   decision to deny petitioner parole on the basis of petitioner's

21   unsuitability.  By order filed July 13, 2010, the court held that

22   petitioner had shown that the Board did not have "some evidence"

23   to support its finding of suitability.   The court ordered

24   respondents to "calculate a term for petitioner in accordance with

25   the requirements of California Penal Code § 3041, with credit for

26   time since the May 10, 2005, decision as if a parole date had been

                                      1

1 granted at that time, and any other term credit to which petitioner

2 is entitled by law" within thirty days.

3      Respondents move for a stay of that order pending appeal.  In

4 determining whether to grant a stay, the court must balance the

5 equities, including respondents' likelihood of success on appeal

6 and the likelihood of injury to respondent absent a stay.  Nken v.

7 Holder, ___ U.S. ___, ___, 129 S. Ct. 1749, 1761 (2009)

8      In general, respondents have not shown an appreciable

9 likelihood of success on the merits.  The exception is respondents'

10 citation to In re Prather, ___ Cal.Rptr. 3d ___, 2010 WL 2946829

11 (Cal. July 29, 2010, S173260).  In Prather, the California Supreme

12 Court held that when a state court grants habeas on the basis of

13 the lack of evidence supporting an unsuitability determination by

14 the Board, the appropriate remedy is generally to remand to the

15 Board for a renewed suitability determination.  Prather based this

16 determination largely on concerns of separation of powers between

17 the state judicial and executive branches.  It is unclear whether

18 Prather influences the remedy that is available or proper in a

19 *federal* habeas petition.  See Pirtle v. California Bd. of Prison

20 Terms, ___ F.3d ___, ___ 2010 WL 2732888, *8 (9th Cir. Jul. 12,

21 2010) (in an analogous case decided prior to Prather, holding that

22 "Ordering the release of a prisoner is well within the range of

23 remedies available to federal habeas courts.").

24      The notice of appeal in this case deprived this court of

25 jurisdiction to determine Prather's precise effect.  Nonetheless,

26 the court concludes that, on the basis of Prather, respondents have

1  raised some questions as to the merits of this court's order.

2  Balancing the equities, the court does not conclude that this

3  limited showing as to the merits warrants a stay pending resolution

4  of the merits of the appeal.  Nonetheless, the court will enter a

5  limited stay to allow respondent to seek a further stay from the

6  Ninth Circuit.

7      Accordingly, respondent's motion for a stay (Dkt. No. 25) is

8  GRANTED IN PART.  The court's order filed July 13, 2010 (Dkt. No.

9  23) is STAYED for fourteen (14) days from the date of this order.

10     IT IS SO ORDERED.

11     DATED: August 11, 2010.

12

13

14  _____
    LAWRENCE K. KARLTON
    SENIOR JUDGE
15  UNITED STATES DISTRICT COURT

16

17

18

19

20

21

22

23

24

25

26

3