UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY HARDWICK,

       Petitioner,

    v.

KEN CLARKE, et al.,

       Respondents.

_____/

NO. CIV. S-06-672 LKK DAD P

O R D E R

On July 13, 2010, this court granted habeas relief to petitioner and ordered the California Board of Parole Hearings ("the Board") to calculate petitioner's term with credit for time since May 10, 2005 as if a parole date had been granted at that time. Order, ECF No. 23. The Board held a hearing on August 3, 2010 pursuant to that order, in which it calculated petitioner's total term for custody at 152 months (12 years and 9 months). Petitioner has already served over 30 years in prison, but was not released following the Board's hearing that set his release date in the past. Instead, the Board is treating its August 3, 2010 term-

1

setting decision as a normal parole suitability hearing subject to Board and gubernatorial review, which could take 150 days. Petitioner now brings a request for immediate release.

### I. Background

Petitioner Hardwick pled guilty to second-degree murder in 1980 and was sentenced to fifteen years to life in prison with the possibility of parole. At his seventh parole hearing, on May 10, 2005, petitioner was found not suitable for release and was denied parole. Petitioner filed a habeas petition in Los Angeles Superior Court, which was denied. In denying the petition, the Superior Court stated that the record from the parole board hearing contained "some evidence" to support the Board's finding of unsuitability. In 2006, petitioner filed habeas petitions in the California Court of Appeals and in the California Supreme Court, both of which were summarily denied.

Petitioner filed a pro-se writ of habeas corpus in this court on March 26, 2006, claiming that he was denied due process and equal protection at the May 10, 2005 parole board hearing. On July 13, 2010 this court granted habeas with respect to petitioner's due process claim, since "three of the factors relied on by the Board to find petitioner unsuitable for parole were the unchanging circumstances of petitioner's crime and social history." Findings and Recommendations 16, ECF No. 16 (adopted in full by this court in ECF No. 23). The Ninth Circuit has held that continued reliance on unchanging factors in suitability determinations can constitute a due process violation. See Biggs v. Terhune, 334 F.3d 910 (9th

2

1  Cir. 2003). Rejecting respondent's argument that the proper remedy
2  was a new parole suitability hearing, this court ordered the
3  California Board of Parole Hearings instead to "calculate a term
4  for petitioner in accordance with the requirements of California
5  Penal Code § 3041, with credit for time since the May 10, 2005
6  decision as if a parole date has been granted at that time, and any
7  other term credit to which petitioner is entitled by law." Order,
8  ECF No. 23. This court granted a limited stay in order to permit
9  respondents to seek relief from the Ninth Circuit. That stay
10 dissolved on August 26, 2010 and the Ninth Circuit denied a
11 subsequent request for a stay on August 11, 2010.

12 Pursuant to the court's July 13, 2010 order, the Parole Board
13 held a hearing on August 10, 2010. In that hearing, the Board
14 calculated petitioner's term at 152 months, or 12 years and 9
15 months.[1] Petitioner has already served more than thirty years in
16 prison. After conducting the re-calculation, Presiding Commissioner
17 Labahn stated "this decision is not final. This decision will
18 become final after 120 days, and only after review by the decision
19 review unit and the Governor's Office." Pet'r's Req. For Immediate
20 Release, Exhibit A at 25, ECF No. 33.

21 Petitioner Hardwick remains in custody, and has filed a
22 request for immediate release.

23 ////

24

25    [1] The Board started with a base term of 228 months, added 24
   months for use of a firearm in the commitment of the offense, and
   then credited the petitioner with 100 months of post-conviction
26 custody credits. Exhibit A at 24.

3

## II. Analysis

**A. The clear import of the July 13, 2010 order was for the Board to recalculate petitioner's release date, and to release him on that date, or immediately if that date had passed.**

Respondent argues that the Parole Board has fully complied with the July 13, 2010 order by holding a hearing to recalculate petitioner's term, and that the court did not expressly order petitioner's release. The order did discuss a release as proper remedy in this case, and rejected respondent's argument that a new suitability hearing was proper. This court intended for petitioner to be released at the date to be calculated by the parole board. The court now clarifies its July 13, 2010 order to mean that petitioner should be released as soon as he has completed the term as re-calculated by the Parole Board using the method described in the order. Since petitioner has completed that term, petitioner's request for immediate release is GRANTED.

The hearing required by the July 13, 2010 order was to be solely for the purpose of recalculating petitioner's term, using the method prescribed in the order. The court rejected respondent's argument that the proper remedy is a remand for a renewed suitability hearing, since this court has already found that there was no evidence in the record of petitioner's current dangerousness. The Board's review, during the August 3, 2010 hearing, of petitioner's continued good performance in prison was not inconsistent with this court's order. But nor was it a

4

1   suitability hearing, as Commissioner Labahn expressly stated
2   during the hearing: "I want to emphasize that this panel has not
3   made any decision or judgment concerning your suitability for
4   parole." Pet'r's Mot. for Release, Ex. A at 22, ECF No. 33.
5   Despite the commissioner's clear statement, respondents
6   characterize the hearing as a suitability hearing: "On August 3,
7   2010, the Board–under this Court's Order–conducted a hearing,
8   *found Hardwick suitable for parole*, and calculated his release."
9   Opp'n to Mot. for Release at 2 (emphasis added).

10      Respondents claim that petitioner cannot be released
11   immediately because of the notification requirements in Cal.
12   Penal Code §§ 3058.6 and 3058.8, and Cal. Code Regs. Tit 15 §
13   3075.2. The penal code sections cited require the Department of
14   Corrections to notify law enforcement officials in the community
15   where the prisoner was convicted and in the community to which a
16   prisoner will be released 45 days prior to the release date.
17   However, § 3058.6(b)(3)provides that when notification cannot be
18   provided in advance because of a court order for release, "the
19   department shall provide notification as soon as practicable,
20   but in no case less than 24 hours *after* the final decision is
21   made regarding where the parolee will be released." (emphasis
22   added.) Section 3058.8 provides that when notice is provided to
23   law enforcement officials in the relevant communities, notice
24   shall also be given to victims, witnesses, and next of kin, if
25   required. Because § 3058.6(b)(3) allows for notification up to
26   24 hours after the court orders release, respondent's argument

that the notification requirements preclude immediate release has no merit, and petitioner's release date is not affected.

California Code of Regulations tit. 15 § 3075.2 provides instructions for release of inmates from prison. This court will allow up to five (5) days to process petitioner's release from prison.

**B. The time-setting decision reached by the Board is not subject to the 120-day and 30-day review periods.**

Despite a term re-calculation that puts petitioner's release date well in the past, petitioner has not been released. The Parole Board noted that the decision it reached at the August 3, 2010 hearing was not final, and would only become final after 120 days and after review by the decision review unit and the Governor. Pet'r's Request for Immediate Release, Ex. A at 24. ECF No. 33. Respondents argue that this review period is permitted under Cal. Penal Code § 3041(b), which states "...any decision of the parole panel finding an inmate *suitable* for parole shall become final within 120 days of the date of the hearing. During that period, the board may review the panel's decision." (Emphasis added.) Additionally, § 3041.2(a) gives the Governor an additional thirty days "following the granting, denial, revocation, or suspension by a parole authority of the parole of a person sentenced to an indeterminate prison term based upon a conviction of murder [to] [ . . . ] review materials provided by the parole authority" pursuant to Cal. Const. Art. V § 8(b). That provision of the

state constitution states

> No decision of the parole authority of this State with respect to the *granting, denial, revocation, or suspension* of parole of a person sentenced to an indeterminate term upon conviction of murder shall become effective for a period of 30 days, during which the Governor may review the decision subject to procedures provide by statute.

(Emphasis added.) The 120-day and 30-day review periods provided for in the constitution and statutes apply only to suitability hearings, and not to the term-setting hearing that this court ordered and which the Parole Board held on August 3, 2010.

Respondents further argue that the 120-day waiting period is "important" and that this court's July 13, 2010 order did not preclude review by the full board or by the governor. Opp'n to Mtn for Release, ECF No. 38. This court has already noted that respondent's notice of appeal of this case deprived the court of any jurisdiction to determine the effect of In re Prather, 50 Cal.4th 238 (9th Cir. 2010). Order, August 12, 2010, ECF No. 29. However, the court will note that Prather forecloses respondent's argument that the review periods are "important," since, according to Prather, the Board, in reviewing the August 3, 2010 hearing, would be bound by this court's conclusion that there was no evidence of petitioner's current dangerousness:

> [I]n conducting a suitability hearing after a court's grant of habeas corpus relief, the Board is bound by the court's finding and conclusions regarding the evidence in the record, and in particular, by the court's conclusion that no evidence in the record before the court supports the Board's determination that the prisoner is unsuitable for parole.

1  <u>In re Prather</u>, 50 Cal.4th at 258. Because the reviewing

2  board is bound by the conclusions already reached by this

3  court that there is no evidence of petitioner's

4  dangerousness, there is no "important" purpose served by

5  continuing to hold petitioner in custody during the

6  waiting period.

### III. Conclusion

8      For the foregoing reasons, petitioner's request for

9  immediate release is GRANTED.

10     Accordingly, it is hereby ORDERED that:

11     [1] Petitioner is to be released no later than is

12  necessary to process his release, and in no event shall

13  petitioner remain in custody longer than five (5) days

14  following issuance of this order.

15     IT IS SO ORDERED.

16     DATED: September 27, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

8