1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  LARRY HARDWICK,
                                  NO. CIV. S-06-672 LKK DAD P
12          Petitioner,

13      v.                              O R D E R

14  KEN CLARKE, et al.,

15          Respondents.
    _____/
16

17      Petitioner Hardwick was released from custody on September 20,

18  2010, pursuant to two orders of this court granting his habeas

19  relief. Respondents have filed a renewed request for a stay of the

20  court's orders pending appeal of this matter in the Ninth Circuit.

21                          **I. Background**

22      On July 13, 2010 order, this court issued an order adopting

23  the findings by the magistrate that there was not "some evidence"

24  of petitioner's current dangerousness. Order, July 13, 2010, ECF

25  No. 23 (adopting the Findings and Recommendations of the

26  Magistrate, April 12, 2010, ECF No. 16). Pursuant to that finding,

                                  1

the order granted petitioner's habeas application, and ordered the California Board of Parole Hearings to calculate a term for the petitioner in accordance with California Penal Code § 3041. On July 30, 2010, respondents filed a notice of appeal to the Ninth Circuit, and in this court moved for a stay of the July 13 order pending appeal. The court granted a fourteen-day stay to allow the respondent to seek a further stay from the Ninth Circuit. ECF No. 29. The Ninth Circuit denied respondents' motion for a stay.

Meanwhile, the California Board of Parole Hearings conducted a term-setting hearing on August 2, 2010 in which it calculated petitioner's total term for custody at 12 years and 9 months. Petitioner had already served over 30 years in prison, but was not released following the Board's hearing. Instead of releasing petitioner, the Board treated the term-setting hearing as a normal parole suitability hearing subject to Board and gubernatorial review. Such review can take up to 150 days. On September 10, 2010, petitioner filed a request for immediate release, and this court granted that request on September 28, 2010. ECF No. 41. The court ordered respondents to release petitioner within five days of the order. That order was executed when respondents released petitioner on September 30, 2010.

Respondents have now filed a renewed motion for a stay of the court's July 13, 2010 order granting the habeas petition, and the September 28, 2010 order for immediate release. In requesting a stay, respondents seek to have petitioner re-incarcerated pending appeal of this court's orders.

## II. Standard for a Motion to Stay an Order Granting Habeas Relief

Rule 23(c) of the Federal Rules of Appellate Procedure dictate that "when a decision ordering the release of a prisoner s under review, the prisoner must – unless a judge . . . orders otherwise – be released." Unless "special reasons [are] shown," the "initial order governing . . . release continues in effect pending review." Fed. R. App. P. 23(d). Rule 23(c) creates a presumption of release from custody pending appeal, while Rule 23(d) creates a presumption of correctness of the district court's order entered pursuant to Rule 23(d). Hilton v. Braunskill, 481 U.S. 770, 772 (1987). The factors regulating the decision to issue a stay of an order granting release:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton 481 U.S. at 776.

### III. Analysis

Respondents argue that a stay is appropriate because they are likely to succeed on the merits of their appeal in light of the Ninth Circuit's recent ruling in Haggard v. Curry, No. 10-16819, 2010 WL 4015006, (9th Cir. Oct. 12, 2010). Respondents argue that the other Hilton factors also warrant granting their stay. Respondents argue that the balance of equities weighs in their favor because the public has an interest in "the Board's

1 decision and the state court's decisions remaining undisturbed

2 until Respondent has had an opportunity to pursue meaningful

3 appeal of the Court's decision," while re-incarcerating the

4 petitioner will not substantially injure him. Resp't's Renewed

5 Appl. for Stay 5, ECF No. 44.

6     Haggard held "that where the Board's parole denial decision

7 is not based on 'some evidence' of current dangerousness, the

8 California-created, but federally enforceable, liberty interest

9 in parole gives the prisoner only the right to a redetermination

10 by the Board consistent with the state's 'some evidence'

11 requirement, not the right to release on parole." Haggard, No.

12 10-16819 at *5. The Ninth Circuit based that holding on the

13 California Supreme Court's In re Prather, 234 P.3d 541 (Cal.

14 2010), decision, which determined "that prisoners whose parole

15 denials were not based on 'some evidence' of current

16 dangerousness are entitled under state law only to a new parole

17 suitability decision by the state executive, and not to release

18 from custody or a judicial parole determination", see Haggard v.

19 Curry, No. 10-16819, 2010 WL 4015006, at *4 (citing In re

20 Prather, 234 P.3d at 552.). Respondents here argue that the

21 Ninth Circuit's holding in Haggard demonstrates that

22 respondent's have a high likelihood of success on appeal of the

23 issue of whether the remedy of release that this court granted

24 was proper.

25     This court acknowledges now, as it did in the prior order

26 granting a limited stay (ECF No. 29), that respondents have

4

1  shown an appreciable likelihood of success on the merits of

2  their appeal of the issue of whether ordering release of a

3  prisoner is within the range of remedies available when a

4  federal court grants habeas based on lack of evidence supporting

5  an unsuitability determination by the Board of Parole Hearings.

6  However, the court finds that the other Hilton factors do not

7  support granting a stay in this matter. The court disagrees with

8  the respondent's proposition that re-incarceration of petitioner

9  will not substantially injure him, and that the public interest

10 in having the Board's and Governor's decisions undisturbed

11 outweighs petitioner's interest in being free from custody.

12      Although the court finds that the Hilton factors weigh

13 against granting a stay, the court DENIES the motion to stay on

14 the alternate ground that the motion is moot. Petitioner argues

15 that the motion to stay is moot because the orders have already

16 been fully executed and there is nothing left to stay. In a case

17 similar to this one, Valdivia v. Brown, Civ. S-05-0416 FCD DAD

18 (E.D. Cal. 2010), the court denied a stay as moot. "Because the

19 Board of Parole Hearings calculated a term for Petitioner . . .

20 and set a date for release, and because petitioner has been

21 released, the court's . . . order has been fully executed. As

22 such, there is nothing for the court to stay." Id. *3. See also

23 Ramsey v. Shinseki, 364 Fed. Appx 432 * 2 (10th Cir.

24 2010)(affirming the district court's denial of a motion to stay

25 as moot after the all claims had been dismissed. The Tenth

26 Circuit affirmed, noting that the judgment dismissing the case

was executed, "there was nothing that the Secretary sought to execute and therefore nothing to be stayed.")

In this case, the court's orders have been fully executed. Petitioner is not seeking to have the orders executed in any other way, and there is nothing to stay. Accordingly, the court DENIES respondent's motion to stay, ECF No. 44 as moot.[1]

IT IS SO ORDERED.

DATED: December 23, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] The court notes additionally that issuing a stay in the matter would have no effect. A stay pending appeal should preserve the status quo. However, a stay generally does not apply retroactively to undo any execution of an order that has occurred before the stay is granted. Stays issued under Fed. R. Civ. P. 62(d) clearly do not have retroactive effect. See, e.g. Ribbens Intern., S.A. de C.V.v. Transport Intern. Pool, Inc., 40 F.Supp.2d 1141, 1144 (C.D.Cal., 1999) ("The absence of any reference to retroactive extinguishment of pre-existing execution efforts in Rule 62(d), in the context of this relatively detailed procedural scheme, further supports the conclusion that no such effect was intended."); Johns v. Rozet, 826 F. Supp. 565, 568 (D.D.C. 1993) ("any stay granted at this time would not have retroactive effect upon garnishment proceedings commenced prior to the stay."); Moore's Federal Practice § 62.03 (in the context of a stay issued under Fed. Rule Civ. P 62(d), "any execution had on the judgment before the stay becomes effective is not automatically set aside or rendered void even after the stay becomes effective."). The same principal, applied here, would render a stay completely without effect, since release has already been executed, and that release is not automatically rendered void even after a stay is granted.